LAWRENCE, Plaintiff, v. THE PENDLETON STREET RAILROAD
COMPANY, Defendant.

It is not actionable want of care in a driver of a horse car along a street
to fail to prevent a horse from approaching, unseen by him, the side of the
car, after the front part of the car has passed, so as to receive injuries
from the rear wheel of the car on that side.

Where the driver, standing on the front platform of such car, keeps a close
watch forward, and is vigilant to see and avoid obstructions near or ap-
proaching the track, he is not guilty of negligence in omitting also to
keep a constant watch of each side of the car to the rear of the front
platform, to see that no one is injured by coming laterally into collision
with the side or the rear wheels of the car. But if, as the car is passing,
the driver sees a horse loose in the street, dangerously near to and ap-
proaching the track backward, retreating from a boy who is endeavoring
to get control of him, it is his duty to stop the car, and if he goes on and
the horse is injured by the rear wheel of the car, the company would be
liable unless the plaintiff has been guilty of contributory negligence;
and in such a case it is a question for the jury to decide whose negligence
actually caused the injury

This was a suit for damages to the plaintiff's horse
through negligence of the defendant's agents. The acci-
dent happened on Fifth street, east of Main. The for-
ward wheels of the car had passed, and the horse backed
against the car, and placed his foot on the track in front
of the hind wheel, and was injured. There was testimony
that the boy, who was trying to catch the horse, called to
the driver to stop, but that the car did not stop. There
were two men on the platform beside the driver, and they
were conversing. The driver did not hear the cry to stop
before the horse was hurt. It was near the horse auction,
and he may have heard the cry and supposed it was the
noise about the horse auction. He saw the horse before
he passed him, and says that the horse was out of the
shafts and loose; that the space between the wagon and
the car was sufficient for a carriage to pass; that he saw
the boy reaching up to the horse's head to take hold of

him, and the horse was backing, and afterward heard the noise of the rear wheel running over the horse's foot.

It turned out that the horse was so injured as to be useless, and was afterward killed. The jury found for the plaintiff, and gave him a verdict of one hundred and seventy-five dollars, the value of the horse.

The boy in charge of the horse was a lad of about thirteen years of age, and was shown to be a careful boy.

A motion for a new trial was overruled and judgment rendered on the verdict, and the case is here on a petition in error.

*Forrest & Lindemann*, for plaintiff.

*Geo. E. & Wm. H. Pugh*, for defendant.

TAFT, J. The question of negligence in cases of this kind, though a question of fact, is often a nice one, and difficult to determine. The care of a driver of a street car is due mainly to his horses and to what can be seen in front without looking back; so that if he keeps a close watch forward, and is vigilant to see and avoid any obstruction on or near the track in front of him, he can not, ordinarily, be held guilty of negligence, if he omits to keep a constant watch of each side of the car to the rear of the front platform and the forward wheels, to see that no person or animal is injured by coming laterally into collision with the side or rear wheels of the car. This was the doctrine of the recent case of *Bulger* v. *The Albany Railway*, 42 New York, 459; which was the case of a child of tender years injured by approaching the street car from the side unseen, and falling under the rear wheel of the car on that side. But if he saw that the animal was loose, and was running or backing into the danger of getting under the rear wheel, it would undoubtedly be his duty to stop. Ordinarily, also, we should regard it as negligence, on the part of the owner of a horse, to leave

him loose on the street, liable to be run against by the cars. But this horse was in charge of a boy, and we are not able to say, positively, that the boy was guilty of carelessness in letting the horse get beyond his control just at that time; or that the owner was guilty of want of ordinary care by leaving the boy in charge of the horse. These all seem to be questions for the jury, as well as the question whether the driver of the car was guilty of negligence in not stopping when he saw the horse loose and the boy trying to get him under control, while the horse was backing toward the car.

If the case had been submitted to our judgment upon the evidence just as we find it reported in the bill of exceptions, we might, possibly, have found for the defendant, on the ground that the evidence did not satisfy us that the injury was caused by the negligence of the agents of the defendant, without the contributing negligence of the plaintiff or his agent. But it is a case of weighing testimony, in which we can not say with confidence which party is right. Here are circumstances favoring both theories of the case. The jury have weighed these circumstances, and it was their province to do so, and they have found for the plaintiff. We do not regard it as a case in which we ought to interfere with the finding of the jury.

It is not claimed that there were errors on the part of the judge before whom the case was tried, except in refusing to grant the motion for a new trial, and we can not say that there was error in that.